IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY E. LEWIS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:18-CV-1097 |
| DAVID J. EBBERT, | : | (Judge Conaboy) |
| Respondent | : | |

## MEMORANDUM
## Background

Jeremy E. Lewis, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden David J. Ebbert. Petitioner's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this action with this Court.

Petitioner states that he entered a guilty plea on December 11, 2010 to bank robbery related charges including using, carrying and discharging a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) (Count Two) in the United States District Court for the Southern District of Ohio. See Doc. 1, ¶ 6.). Lewis elaborates that he agreed to rob a bank with co-defendants, one of whom was carrying and discharged a firearm. As a result of his plea, Petitioner was sentenced on March 19, 2011 to

1

a twenty (20) month term of imprisonment with respect to Count Two. See id. As relief, Petitioner requests that his § 924(c) conviction be vacated.

Lewis indicates that he pursued a direct appeal which was dismissed as being time barred. The Petitioner further acknowledges that he previously sought relief from the sentencing court via motion pursuant to 28 U.S.C. § 2255 which was also denied as time barred. See id., ¶ 10.

In his pending action, Petitioner claims entitlement to federal habeas corpus relief because he is actually innocent of using, carrying, and discharging a firearm. Lewis elaborates that relief is appropriate since he did not have advance knowledge that his co-defendant was carrying a firearm. See id. at ¶ 13. In support of his argument, Petitioner relies upon the United States Supreme Court's decision in Rosemond v. United States, 572 U.S. 34 (2014). See id. at p. 10. Lewis adds that this Court should also look to Bousley v. United States, 523 U.S. 614 (1998) for guidance. See id. at p. 11. Petitioner also maintains that his § 2255 remedy is inadequate and ineffective to pursue his pending claim and that Rosemond applies retroactively to cases on collateral review because it is a case of statutory interpretation.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal

pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Under Rule 4 "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Dismissal of a petition without review of an answer is appropriate "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, Civ. No. 4:05-cv-956, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Lewis is apparently arguing that he may bring his present claims via a federal habeas corpus petition and that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg.

Federal prisoner s who challenging the validity of a federal sentence, and not the execution of a sentence, are generally limited to seeking relief by way of a motion pursuant to § 2255.

3

In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Such a challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

4

For a challenge to a federal conviction and sentence to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) addressed what circumstances make a post conviction remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined *supra* at 4-5) placed upon post conviction remedies simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a federal habeas corpus petition. Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that the "inadequate and ineffective" requirement(thus allowing a

5

petitioner to bring a § 2241 habeas corpus action) occurs where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.

With respect to Petitioner's pending claim, courts have recognized that "the rule articulated in Rosemond does not apply retroactively to cases on collateral review. Branham v. Oddo, Civ. No. 1:16-cv-553, 2016 WL 2961387 *3 (M.D. Pa. May 23, 2016)(Jones, J.); Williams v. Spaulding, Civ. No. 3:15-cv-1992, 2015 WL 8332424 *3 (M.D. Pa. Dec. 9, 2015)(Munley, J.). In Bousley, the Supreme Court stated that a claim under Bailey v. United States, 516 U.S. 137 (1995) could be asserted on collateral review. However, in the present case, Petitioner is not pursuing a Bailey claim, as such, any reliance on Bousley is misplaced.

Pursuant to the above discussion, Lewis has not established that he is entitled to federal habeas corpus relief based upon a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. Petitioner is clearly challenging the validity of his sentence which was imposed by the Southern District of Ohio. Thus, he

6

must do so by following the requirements of § 2255. As noted earlier, Lewis' pending argument does not properly allege that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Lewis has also not sufficiently shown that he was unable to present his pending claims in a successive § 2255 proceeding or that they are based upon any newly discovered evidence.

Fundamental to <u>Dorsainvil</u> was the fact that the petitioner may actually be innocent of the crime charged. In this case, Lewis readily admits that he planned and participated in the underlying bank robbery. Second, Petitioner's <u>Rosemond</u> argument is not based on a new rule of law made retroactive to cases on collateral review. Unlike <u>Dorsainvil</u>, Petitioner's present claims as stated simply do not establish that an intervening retroactive change in substantive law has negated the criminal nature of his conduct.

Clearly, Lewis' pending claims do not fall within the narrow <u>Dorsainvil</u> exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. <u>See</u> <u>Levan v. Sneizek</u>, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Given the above decisions and Petitioner's failure to present this Court with any authority to support a determination that any federal court has held that a <u>Rosemond</u> based claim may

7

be pursued via a § 2241 proceeding, it is apparent that habeas corpus review is not appropriate.  Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's plea and sentence, his § 2241 petition will be dismissed without prejudice.  Of course, this dismissal has no effect on Petitioner's right to seek permission to pursue a successive § 2255 action.  An appropriate order will enter.

>                         S/Richard P. Conaboy
>                         RICHARD P. CONABOY
>                         United States District Judge

DATED: JUNE 14, 2018